RECEIVED
SEP - 9 2024
BY MAIL

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI

MICHAEL LEE BURGESS
Petitioner,

Vs.

Rusty Rattliff, warden In his proffessional Capasity
Respondent,

PETITION UNDER 28 U.S.C §2254 FOR WRIT OF HABEAS CORPUS

1. Respondent is the warden of Moberly Correctional Center 5201 South Morley street Moberly MO 65270

2. Petitioner is an inmate in the Costody of the respondent and presently is being held at the Moberly Correctional Center for a Sentence in Case No: 21BU-CR01650-01 and No others.

3. Petitioner entered a plea of guilty to the Class E felony of resisting an arrest in Violation of Section 575.150, RSMo on August 3, 2022 Punishable under Sections 558.002, RSMo and 558.011, RSMo in Case No: '20BU-CR01849-01' for a term of 3 years in the Missouri Department of

Corrections, with Credit for time served; a total of 344 days.

Petitioner also entered a plea of guilty to the Class E felony of Domestic assult in the third degree in Violation of Section 565.074 RSMo on August 3, 2022 Punishable under Sections 558.002 RSMo and 558.011 RSMo in Case No: 21BU-CR01650-01 for a term of 3 years Consecutive to Case No: 20BU-CR01849-01 a total of 6 years in the Missouri Department of Corrections.

4. Petitioner has been held in the Costody of D.O.C since August 11, 2022 on Case No: 20BU-CR01849-01 and Case No: 21BU-CR01650-01 originating in Buchanan County Missouri.

On August 31, 2024 Petitioner Compleated Case No: 20BU-CR01849-01 and is not challenging the Conviction of that charge through this HABEAS CORPUS, Petitioner is challenging the Conviction of Case No: 21BU-CR01650-01.

Conviction Not Authorized

5. Petitioner was arrested for Case No: 21BU-CR01650-01 on Febuary 15th 2022 for an outstanding warrent dated october 22, 2021 and was not arraigned untill March 7th 2022 for Case No: 21BU-CR01650-01 "Exactly 20 Calender

days, and 13 Bussiness days excluding weekends and Holidays from the time of arrest to the time of arraignment.

6. Section 479.360.1, RSMO

Appendix A. Minimum operating standards for Municipal Divisons and municipal Judges - Annual Certification Requirement.

Minimum operating standard #1 municipal divisions and there Judges shall ensure that when individuals must be held in jail in the interest of Justice this is done strictly in accordance with the Principles of due process of law, including

(A.) The Municipal division is in Compliance with the fallowing requirements of law Section 479.360.1 RSMO
Procedures exist to prevent defendents from being held longer than 48 Hours on Minor traffic violations and 72 Hours on other violations without being heard by a Judge in Person, by telephone, or via Video Conferencing.

(B.) The Municipal divison has a duty Judge avalible at all times to rule promptly upon, warrents, bail, and Conditions to pre-trial

release, and other matters "without undue delay."
Bond schedules are utilized only for a Person arrested without a warrent and held no longer than 24 hours pursuant to Sections 479.360.1 (2) and 544.170.1 RSMo Rule 37.17.

(C.) The municipal divison has procedures in place to ensure that when a Case is dismissed by the Prosecuting Attourney or otherwise finally resolved, or when the circumstances no longer exist, The Judge recalls and Cancels any outstanding warrent in that Case as soon as practicable.

(D.) The municipal divison has procedures in place to ensure that the recall and Cancellation of outstanding warrents is Communicated to law enforcement by the Clerk without delay.

7. Section 479.360.1, RSMo

Minimum operating standards #6: Municipal divisions shall be operated in a manner reasonably Conveint to the Public and facilities Sufficent to the purpose.

"Courtrooms are suitible and meet due process requirements for All Court Attendees Section 479.360, RSMo

8. Petitioner was held from Febuary 15, 2022 untill March 7, 2022 for an outstanding warrent dated October 22, 2021. Case NO: 21BU-CR01650-01 Holding the Petitioner 20 Calender days and 13 Bussiness days without being arraigned is a violation of due process of law under Section 479.360.1 RSMo, The Fourth Amendment, The Fifth Amendment, The Eighth Amendment, The Fourteenth Amendment of the united States Constitution.

9. Petitioner states on March 14, 2022 he Petitioned Judge Rebbeca Spencer Divison 6 Municipal Court in Motion Prose, and in Personal letter stating that Buchanan County has Violated the Petitioners due process and that his liberty has been put in jeopardy because he was arrested on Febuary 15, 2022 and was not arraigned untill March 7, 2022

10. Petitioner on June 2, 2022 filed with the municipal Court Divison 6 Judge Rebbeca Spencer a Motion to dismiss and a Habeas Corpus action under 28 USCS 2254, in these motions Petitioner stated his due process was violated under Section 479.360.1 RSMo and requested that Case NO: 21BU-CR01650-01, be dismissed with prejudice without refiling the same. In these request Petitioner stated: Case Law under,

Hopkins V. Maryland inmate Grievance Commision 391 A. 2d 1213 40. Md App. 32d (Md. App. 1978)

"in dealing with weather or not the failure to accord a Seventy-two hour hearing amounts to denial of due process, you have to weigh the applicable factors,

One of those factors obviously is the length of the delay. You Can reduce the inmates position here is absurdity by holding the hearing one second beyond the seventy-two hour period obviously.

Note: These Motions went unanswered," I was a Pre-trial detainee acting Pro Se, because my Court appointed attourney was not doing her Job.

11. Petitioner filed on June 15, 2022 a ineffective assistance of Council against his Court appointed attourney Stephanie M. Burton due to the fact that Mrs. Burton did not file a motion to dismiss on the grounds the 72 Hour rule under Section 479, 360.1 RSMo was violated in Case No: 21BU-CR01650-01

This Motion was filed under: Willam T. BoLiek V. Paul Delo Case No: 89-4076-CV-C-5 United States District Court, WD Missouri, Central

Divison 912 F. Supp 1199 (12-13-1995)

"The Court appointed attourney Mrs. Burton stated in a April 22, 2022 meeting with Petitioner she was going to file a motion to dismiss for Case No: 21BU-CR01650-01 on the grounds Petitioners due process was Violated under Section 479.360.1 RSMo.

This attourney never showed up to discuss the Prelimanary hearing and she never filed the motion to dismiss.

Note: The jails Cronilog filed by Sgt. Wolfe and turn Key Ms. MacKrey will indicate that Mrs. Burton had several other inmates between April 22, 2022 and June 13th 2022. This Court Appointed attourney never Come back to discuss any thing between those times.

12. Petitioner filed on July 2, 2022 a Motion for Declatory Judgment in the Circuit Court Divison 3 Judge Robb asking for relief due to the 72 Hour rule was Violated under Section 479.360.1 RSMo for Case No: 21BU-CR01650-01

13. Petitioner filed on July 7, 2022 a motion for evaditurary hearing due to Petitioners due Process was Violated under Section

479.360.1 RSMo "72 Hour rule"

14. Petitioner filed a motion to dismiss on July 15, 2022 under the "Accardi Doctrine" due to the 72 Hour arraignment rule was Violated under Section 479/360.1 RSMo

Accardi V. shaughnessy; 347 U.S. 260 74 S.Ct 499, 98 L.Ed 681 (1954)

This doctrine is held due to the attourney General failed to fallow a deportation order.

"Anytime the Government fails to fallow their own rules and regulations the Courts must strike the Case down.

15. Petitioner filed on July 27, 2022 a Habeas Corpus in the Missouri Supreme Court Case No: Mo S.Ct SC 99768 on the grounds his due process was Violated under Section 479, 360.1 RSMo

On october 4, 2022 this Case was dismissed under Rule 84.24

16. Petitioner filed on November 10, 2022 a motion to Vacate, Set aside, Correct the Judgment or Sentence.

In this Petition it was clearly stated on page 4 of 6 that Petitioners due process

was Violated under Section 479.360.1 RSMo

The Court appointed Public Defender Rosemary E. Percival failed to State in the Claims for relief that Petitioners 72 Hour due process was Violated under Section 479.360.1 RSMo when Petitioner was arrested on Febuary 15, 2022 and not arraigned untill March, 7, 2022.

Petitioners Case was transfered to Court appointed Public Defender John Esposito, he Would not amend for relief on the claim that was stated in the original Form 40 filed by the Petitioner.

M. Petitioner filed on January 31, 2024 in the U.S. District Court for the Western District of Missouri a 42 USC §1983 Case No: 5:24-CV-06018-FJG on the grounds that his due process was violated under Section 479.360.1 RSMo.

This Case was dismissed for failure to State a Claim.

This Case was appealed Case No: 24-1731 Michael BURGESS VS. STATE OF MISSOURI et al;

Note: In the Courts foot notes the Honorable Judge Fernando J. Gaitan, Jr stated the Petitioner should possibly file a Habeas Corpus under 28 USC §2254

18. Petitioner has exhuasted all his remedys Known to him by law, he's fallowed through with the offender Grievance Procedure in the Missouri Department of Corrections, "WRDCC-23-178"

Petitioner has exhuasted his Municipal and Circuit Court stages in Buchanan County, Missouri as stated in this request for Habeas Corpus.

The Courts of Buchanan County clearly disregarded any Pro Se, Motions the Petitioner submitted on Court file for Case No: 20BU-CR01849-01 and Case No: 21BU-CR01650-01 pertaining to the Violation of due process under Section 479.360.1, RSMo.

Buchanan County, Missouri, Municipal and Circuit Court violated Petitioners Constitutional rights as set forth in the fallowing.

(A.) Petitioners First Amendment was violated when the Municipal and Circuit Court was Petitioned for redress on the violation of Section 479.360.1, RSMO and those Motions clearly went unaswerd, Petitioner should of been able to enjoy this right but was refussed.

(B.) Petitioner Fourth Amendment was violated when he Petitioned the Municipal and Circuit Court for redress stating his due process was violated under Section 479.360.1 RSMO. "The People have the right to be secure in their, persons, papers and effects, against unreasonable searches and seizures, shall not be violated.

(C.) Petitioners Fifth Amendment was violated when he Petitioned municipal Judge Rebbeca spencer DIVISon 6 Stating his liberty was at stake due to the Courts Violated This 72 Hour due process Under Section 479.360.1 RSMO. This deprived Petitioner of life, and liberty with out due process of law.

(D.) Petitioners Sixth Amendment was violated in the municipal and Circuit Court Stages when Stephanie M. Burton failed to represent the Petitioner in the Pre-trial Stages properly and file the Motion to dismiss on the grounds the Petitioners due process was Violated under Section 479.360.1 RSMO

Note: Mrs. Burton actually filed her own motion to question when the Petitioner was actually arraigned because she had not put enough effort in the Petitioners Case.

(E.) Petitioners Eighth Amendment of the united States Constitution was Violated when he Petitioned the municipal and Circuit Court of Buchanan County Missouri Stating that his due process was Violated under Section 479.360.1 RSMO

Petitioner was forced into taking a Plea Bargin in Case NO: 20BU-CR01849-01 and

Petitioner would of ultimately taken Case No: 20BU-CR01849-01 to trial if Case No: 21BU-CR01650-01 would of been dismissed by law in the Municipal Stages. Petitioner has been incarserated a total of 1,096 days on a Charge he is Confident he Could of won at trial.

(F.) Petitioners Fourteenth Amendment was violated when he Petitioned the municipal and Circuit Court of Buchanan County Missouri stating his due process was violated under Section 479.360.1 RSMo when the municipal Court held the Petitioner 20 Calender days, 13 Bussiness days excluding weekend and Holidays without being arraigned from Febuary 15, 2022 to March 7, 2022 on Case No: 21BU-CR01650-01

"NO STATE Shall deprive any Person of Life or Liberty without the due process of Law, or the equal Protection of the Laws

"Minimum operating standards #6: Court rooms are Suitible and meet due process requirements for "All" Court attendees. Section 479.360.1 RSMo

(quotations ommited)

19. Respondent acting through the Missouri Department of Corrections, the warden for Moberly Correctional Center has No Legal authority to hold the Petitioner past August 31, 2024 the Compleation date for Case No: 20BU-CR01849-01.

Case No: 21BU-CR01650-01 is invalid by law under Section 479.360.1 RSMo

Habeas Corpus

The writ of Habeas Corpus provides a remedy for jurisdictional and Constitutional errors at the trial without limit as to time.

It maybe used to Correct errors of that order made by Military as well as by Cival Courts under the Common law and the Act 31 Car II C2 (1679) where a person was detained pursuant to a Conviction by a Court having Jurisdiction appeared on the face of the record of the Court which Convicted him. A showing in a return to writ that the prisoner was held under final process based upon a Judgment of a Court of Competent Jurisdiction Closed the inquiry.

under the Judiciary Act of 1789 the same rule obtained. But the Act of Febuary 5, 1867 Congress extended the writ to all person's restrained of their liberty, in violation of the Constitution or law or treaty of the united States, and required the Court to ascertain the facts and

to dispose of the party as law and Justice require.

"This gave the prisoner a right to have a Judical inquiry in a Court of the united States into the very truth and Substance of the Cause of detention.

The Supreme Court has said that there is "No dought of the Authority of the Congress to thus liberalize the Common law procedure on Habeas Corpus.

HABEAS CORPUS NOT A SUBSTITUTE FOR APPEAL

Since the writ of Habeas Corpus is appeallate in Nature Congress May Confer Jurisdiction to issue it upon the Supreme Court as well as upon the inferior Federal Courts.

The proceeding may not however be used as a Substitute for an appeal or writ of error.

But special Circumstances make it advantageous to use this writ in aid of just disposition of a Cause pending on appeal, it may be used for that purpose.

"where facts dehors the record which are not open to Consideration upon appeal are alleged to show denial of Constitutional rights.

"a Judical hearing must be granted to ascertain the truth or falsity of the allegations.

ISSUANSE OF THE WRIT

On application for a writ of habeas Corpus, the Court may either issue the writ, and on return dispose of the Case or it may waive the issuing of the writ and Consider whether upon the facts presented in the Petition the prisoner, if brought before it, Could be discharged.

"The proceeding may not be used to Secure an adjudication of a question which, if determined in the prisoners favor, Could not result in his immediate release."

PURPOSE OF THE WRIT

The greatest of the Safeguards of Personal Liberty embodied in the Common law, and the Judiciary Act of 1789 provided the issuance of the writ according to "the usage and principles of law."

At Common law the purpose of such a proceeding was to, obtain the liberation of persons who were imprisoned with out Just Cause.

Wherefore Petitioner prays this united States District Court for the Eastern District of Missouri issue a writ of Habeas Corpus under 28 U.S.C.S 2254 against the respondent, he has No Legal authority to hold the Petitioner past August 31,

2024.

Case No: 21BU-CR01650-01 is invalid by Constitutional Law, when the arraingment Court Divison 6 Buchanan County Missouri held the Petitioner from his arrest on Febuary 15, 2022, untill March 7th 2022 without being arraigned by Missouri Law under Section 479.360.1 RSMO

The facts that form the basis for this information and belief are Contained in the attached statement(s) of facts, made part hereof and Submitted as a basis upon which this Court may find the existence of Prabable Cause lin this Petition For Writ of HABEAS CORPUS.

Respectfully Submitted

Michael Lee Burgess 9-6-2024

This docktyment was mailed to the united States District Court for the Eastern District of Missouri on 6th day of September 2024

Michael Lee Burgess

9-6-2024